IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN W. DENTON,

                Plaintiff,

    v.

AGENTS OF THE STATE OF OREGON,

                Defendants.

No. 12-CV-22-HZ

OPINION AND ORDER

John W. Denton, Pro se
6611 SW Terri Ct. #29
Portland, OR 97225

    Pro se Plaintiff

HERNANDEZ, District Judge:

    Plaintiff John W. Denton ("Denton"), proceeding pro se, filed this action on January 6, 2012, along with an application to proceed in forma pauperis ("IFP") (doc. #1). Now before me

1 - OPINION AND ORDER

is the issue of whether to allow Denton to proceed IFP.  For the following reasons, Denton's application to proceed IFP is DENIED.

>Title 28 U.S.C. § 1915 provides as follows:
>
>[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

"District courts have broad discretion to deny a motion to proceed in forma pauperis in a civil action." Kourtis v. Cameron, 358 Fed. Appx. 863, 867 (9th Cir. 2009) (citing O'Loughlin v. Doe, 920 F.2d 614, 616-17 (9th Cir. 1990)).  "The right to proceed in forma pauperis is not an unqualified one.  It is a privilege, rather than a right." Jefferson v. U.S.A., 277 F.2d 723, 724 (9th Cir. 1960) (citation omitted).  It has been previously held that "one need not be absolutely destitute to obtain benefits of the in forma pauperis statute." Id.  Wherever upon the spectrum a complainant may fall, "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." Id. at 725.

In his application to proceed IFP, Denton states he is self-employed.  According to the affidavit accompanying his application to proceed IFP, Denton "took home" $25,693.87 within the last twelve months of filing his application and expected to earn $30,000 to $40,000 in the future.  He also stated he received $10,000 in gifts or inheritances within the last twelve months of filing his application to proceed IFP.  He further stated he has a checking or savings account containing $700 and pays two monthly mortgage payments totaling $1,700.  His car payment is

$95 per month and his electrical utility payment is approximately $75 per month. Finally, he states he has credit card payments totaling $500 per month, but is unable to pay them.

Based on the affidavit, the court finds that Denton has not demonstrated he is unable to pay or guarantee costs without sacrificing the necessities of life. See Kourtis, 358 Fed. Appx. at 867 (affirming district court's decision denying plaintiffs' application to proceed IFP because the evidence proffered by plaintiffs "did not support the contention that they were 'unable to pay' the costs [and] bonds without foregoing the necessities of life") (citing 28 U.S.C. § 1915(a)(1) and Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)). Plaintiff is currently employed and his affidavit demonstrates he has sufficient income and assets to pay the one-time filing fee. Accordingly, Denton's application to proceed IFP is denied.

## CONCLUSION

Based on the above, Plaintiff's application to proceed in forma pauperis is DENIED and he is ordered to pay the required filing fee within thirty days of the signing of this order.

IT IS SO ORDERED.

Dated this 8th day of February, 2012.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

3 - OPINION AND ORDER