IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN W. DENTON,

        Plaintiff,

        v.

AGENTS OF THE STATE OF OREGON,
ET AL.,

        Defendants.

No. 3:12-cv-00022-HZ

OPINION & ORDER

John W. Denton
6611 SW Terri Ct., #29
Portland, OR 97225

    Pro Se Plaintiff

HERNANDEZ, District Judge:

    John W. Denton, pro se, brings this action against a number of business entities and individuals collectively totaling fifty-one defendants. For the reasons set forth below, I find that sua sponte dismissal of this action is warranted.

1 - OPINION & ORDER

## DISCUSSION

Federal district courts are courts of limited jurisdiction, and a case is presumed to fall outside a federal court's jurisdiction unless the party asserting jurisdiction establishes otherwise. E.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999) (citation omitted). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action". Nevada v. Bank of Am. Corp., 672 F.3d 661, 673 (9th Cir. 2012) (internal quotation marks and citation omitted).

A federal district court has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.[1] See 28 U.S.C. §§ 1331, 1332(a). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-113 (1936)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

---

[1] "The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings." Bautista v. Pan Am. World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987) (citation omitted). Plaintiff's amended complaint makes no effort to establish that this Court has diversity jurisdiction over his claims. Plaintiff fails to allege the citizenship of any of the defendants. In fact, the amended complaint indicates that at least some of the defendants share the same state of domicile as plaintiff. Furthermore, the amended complaint does not allege the amount in controversy, let alone that the amount in controversy exceeds $75,000. Consequently, plaintiff fails to establish that this Court has diversity jurisdiction over his claims.

Plaintiff's amended complaint is confusing and consists almost exclusively of vague and conclusory allegations. It appears, however, that plaintiff alleges this court has federal question jurisdiction. The amended complaint alleges, among other things, that defendants "acted as Agent(s) of the State of Oregon in Plaintiff(s) [sic] Violations of U. S. [sic], Constitutional Rights including and specific to Article(s) [sic] 1,4,5,6,9 and 14 of the Amendments to the U. S. [sic] Constitution." Am. Compl., p. 1. It further alleges that plaintiff's "constitutional right to Due Process [sic] has been infringed upon" because his "current Divorce [sic] proceedings have been . . . bad" and because he has been "unable to fight in Court to see and gain custody of [his] Children [sic]" where he has been "wiped . . . out financially". Id., ¶ I. Plaintiff also alleges that "Comcast Cable used the DVR's to monitor [his] home without [his] permission", thereby invading his right to privacy. Id., ¶ E.

To the extent plaintiff's amended complaint is intelligible, I find that it has no discernible basis in law or fact, contains no cognizable legal theories or facts to support any alleged legal theory, and most important, contains no comprehensible claim for relief conferring federal question jurisdiction. Plaintiff's cursory and fleeting references to constitutional provisions and federal issues are simply insufficient to establish the requisite subject matter jurisdiction. See Gully, 299 U.S. at 117 (the fact that a question of federal or constitutional law is "lurking in the background" is "unavailing to extinguish the jurisdiction of the states"); see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) ("[T]he presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction.") (Citation omitted). Simply stated, plaintiff's conclusory allegations, bare citation

3 - OPINION & ORDER

to the Constitution, and passing references to federal issues are insufficient to establish subject matter jurisdiction. Accordingly, I find that dismissal of Plaintiff's amended complaint is proper.

## CONCLUSION

Based on the reasons above, I conclude that the Court lacks subject matter jurisdiction over this action. Plaintiff's amended complaint is dismissed with leave to amend within thirty days of the date below.

IT IS SO ORDERED.

Dated this 29 day of Oct, 2012.

_____
MARCO A. HERNANDEZ
United States District Judge

4 - OPINION & ORDER