IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN W. DENTON,

           Plaintiff,

                      No. 3:12-cv-00022-HZ

                      OPINION & ORDER

    v.

AGENTS OF THE STATE OF OREGON,
et al.,

           Defendants.

John W. Denton
6611 SW Terri Ct., #29
Portland, OR 97225

    Pro Se Plaintiff

HERNANDEZ, District Judge:

    John W. Denton ("Plaintiff"), pro se, filed a complaint and a first amended complaint against fifty-one defendants, including a number of business entities and individuals. On October 29, 2012, I issued an Opinion & Order dismissing Plaintiff's first amended complaint

1 - OPINION & ORDER

sua sponte for lack of subject matter jurisdiction because Plaintiff's allegations were unintelligible, had no discernible basis in law or fact, and contained no comprehensible claim for relief conferring subject matter jurisdiction. Plaintiff was given leave to amend within thirty days. On November 21, 2012, Plaintiff timely filed a second amended complaint against some of the same defendants and new defendants, alleging both similar and new factual allegations.

Plaintiff's second amended complaint remains unintelligible and lacks any discernible basis in law or fact conferring subject matter jurisdiction. Accordingly, I find that sua sponte dismissal of Plaintiff's second amended complaint is proper.

## DISCUSSION

Federal district courts are courts of limited jurisdiction, and a case is presumed to fall outside a federal court's jurisdiction unless the party asserting jurisdiction establishes otherwise. E.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999) (citation omitted). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action". Nevada v. Bank of Am. Corp., 672 F.3d 661, 673 (9th Cir. 2012) (internal quotation marks and citation omitted).

A federal district court has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) (citing <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109, 112-113 (1936)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Id.</u>

Like Plaintiff's first amended complaint, Plaintiff's second amended complaint fails to allege the citizenship of any of the defendants, and in fact continues to indicate that at least some of the defendants share the same state of domicile as Plaintiff. Accordingly, Plaintiff fails to plead facts invoking diversity jurisdiction. <u>See</u> 28 U.S.C. § 1332(a).

Plaintiff's second amended complaint also fails to plead facts supporting federal question jurisdiction. Plaintiff alleges that defendants collectively "acted as Agent(s) [sic] of the State of Oregon in Plaintiff(s) [sic] Violations [sic] of U.S. Constitutional Rights including and specific to Articles(s) [sic] 1,4,5,6,9 and 14 of the Amendments to the U.S. Constitution." Second Am. Compl., p. 1. The factual allegations supporting Plaintiff's claims for relief, however, remain confusing and vague. In addition, the second amended complaint continues to lack sufficient facts supporting Plaintiff's conclusory constitutional violations. Plaintiff's bare citation to the Constitution and vague and conclusory allegations fail to establish the requisite subject matter jurisdiction. <u>See</u> <u>Gully</u>, 299 U.S. at 117 (the fact that a question of federal or constitutional law is "lurking in the background" is "unavailing to extinguish the jurisdiction of the states"). Because it is clear that the deficiencies in Plaintiff's second amended complaint cannot be cured by amendment, I find that dismissal of this action with prejudice is proper. <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1106 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (Citation omitted).

3 - OPINION & ORDER

## CONCLUSION

Based on the reasons above, Plaintiff's second amended complaint is dismissed with prejudice. Pending motions, if any, are denied as moot.

IT IS SO ORDERED.

Dated this \_\_12\_\_ day of \_\_Dec\_\_, 2012.

_____
MARCO A. HERNANDEZ
United States District Judge

4 - OPINION & ORDER